[Civ. No. 6362.   Third Appellate District.—January 5, 1940.]

E. M. MARSHALL et al., Appellants, v. PEARL BALDY, Respondent.

E. M. Marshall, as Guardian *ad Litem, in pro. per.,* and Kelvel E. Marshall, for Appellants.

Joseph Barcroft and David P. Barcroft for Respondent.

TUTTLE, J.—Respondent moves to dismiss this appeal upon the ground that appellant has failed to file a transcript or to perfect the appeal.

The status of the matter is revealed by the following excerpt from a certificate filed by the clerk of the lower court, and made pursuant to rule VI of the Supreme Court:

"Notice of appeal from said judgment was filed in said Superior Court by the plaintiffs on the 8th day of August, 1939. No demand for a transcript has ever been filed with the clerk by the plaintiffs, or either of them. No transcript on appeal has ever been settled under Section 953–a of the Code of Civil Procedure, or at all, but on the contrary the judge of this Superior Court, on the 25th day of September, 1939, made an order terminating and dismissing the proceedings to obtain a transcript on appeal, which order is

of record herein, and has never been modified, vacated or set aside, and at the time of making this certificate, is in full force and effect. There is no proceeding pending for the obtaining of a bill of exceptions for use on this appeal. The time in which any proceedings might be instituted for the obtaining of a bill of exceptions has expired.''

The notice of this motion was filed in this court October 28, 1939. No attempt has been made since that time to proceed further with the appeal.

Appellants have filed a counteraffidavit, and also a motion to indefinitely set aside the motion of dismissal. They appear *in propria personam.* We find nothing in the affidavit which would excuse the failure to perfect the appeal. Appellants urge that the transcript was completed and presented to the trial judge and settled by him on September 13, 1939. On the other hand, the clerk of the superior court certifies that no transcript was ever settled, but on the contrary, upon motion of respondent, an order was made in the superior court terminating and dismissing the proceedings to obtain a transcript on appeal, which order is still in effect. We are inclined to hold that the clerk's version of the matter is the correct one. Not only does it appear that no proceedings were taken to procure the transcript under the provisions of rule 7 of the Supreme Court, but it also appears that the superior court has ordered a termination of appeal proceedings.

No legal excuse having been made for the failure to file the transcript, as required by law, and no transcript having been filed while this motion was pending, it is ordered that the motion be granted and the appeal dismissed.

Thompson, J., and Pullen, P. J., concurred.